Ruth B. Victor, Plaintiff-Appellee, v. William Francis Victor, and The Northern Trust Company, as Trustee, Defendants, and Victor Manufacturing and Gasket Company, a Corporation, and Imperial Motors, Inc., a Corporation, Defendants-Appellants.

### Gen. No. 48,371.

First District, Third Division.

May 17, 1961.

Sidley, Austin, Burgess & Smith, and Robert A. Downing, of Chicago (William H. Avery, Loren E. Juhl and James W. Kissel, of counsel) for appellants.

Joseph H. and Norman Becker and Meyer Weinberg, of Chicago (Meyer Weinberg and Harry G. Fins, of counsel) for appellee. ·

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This is an interlocutory appeal, so stated and so prosecuted by defendants, Victor Manufacturing and Gasket Company and Imperial Motors, Inc. We will in this opinion refer to the defendant companies as appealing defendants or as Victor Company and Imperial Motors, and we will refer to William Francis Victor as defendant Victor. A temporary injunction order, granted without notice and without bond, and

an order of sequestration are the orders from which this interlocutory appeal is taken. Appealing defendants do not appeal from an order for temporary support entered in this case, but say that the court must necessarily review the validity of the support order because it is the only basis for the order of sequestration. The proper scope of an interlocutory appeal, the propriety of the issuance of the temporary injunction, and whether an interlocutory appeal may be prosecuted from an order of sequestration are the principal issues herein considered.

On October 10, 1960, plaintiff filed a verified complaint seeking separate maintenance from defendant Victor. It alleged that both parties have been residents of Cook County for more than one year; that they have two children; that on May 12, 1960, defendant deserted plaintiff and removed the children, whom he has secreted; that she has no knowledge as to the residence of defendant or the minor children; that he is not a proper person to have their custody, but that plaintiff is; that they have been living separate and apart; that defendant has not contributed to her support; and that she is without sufficient funds to support herself. The complaint lists real estate and other business interests together with automobiles, a motor boat, insurance and other assets and property in defendant Victor's name, which plaintiff avers were acquired through their joint efforts. The complaint further avers that plaintiff fears defendant Victor will attempt to dispose of the property and assets referred to unless a writ of injunction is issued against him; that defendant Victor is vice-president of Victor Company and president of Imperial Motors; that he derives a lucrative income from those companies, and that she fears that unless an injunction is issued restraining them from transferring or delivering to defendant Victor moneys due or which may become due

as salary, income or profits of said corporations and restraining them and their agents from transferring or disposing of the stock of said corporations held in the name of defendant Victor, it will cause plaintiff irreparable harm. Plaintiff also states that she fears that if notice is given, it will defeat her rights in these proceedings, and that she has not sufficient funds to post bond for the issuance of a writ of injunction. In addition to defendant Victor and the two companies hereinbefore mentioned, the Northern Trust Company was also made a party defendant, but is not a party to the appeal.

On October 10, 1960, an injunction was entered without notice and without bond, restraining appealing defendants from transferring any property in their possession to defendant Victor. On October 14, 1960, Victor Company and Imperial Motors filed general appearances.

On December 15, 1960, the court entered a temporary alimony order in favor of plaintiff. On December 21, 1960, the court entered an order appointing Daniel C. Ahern as sequestrator, to collect all assets, funds and property of defendant Victor in Illinois within the jurisdiction of the court; that the sequestrator post bond in the sum of $10,000; that appealing defendants and The Northern Trust Company, as trustee, are ordered to transfer and pay to the sequestrator, upon request, all funds, assets and property belonging to defendant Victor within their possession or control; that the sequestrator shall perform the support and other payments as heretofore ordered by the court on December 15, 1960, from funds, assets and property sequestered, until the further order of the court.

On January 13, 1961, appealing defendants filed an appeal bond with the Globe Indemnity Co. of New York as surety. The bond recites: "Whereas the said

63

Ruth B. Victor did . . . obtain an order appointing a sequestrator of certain assets of William F. Victor and did prior thereto obtain certain orders for temporary injunction and support, from which order the said Victor Manufacturing and Gasket Company and Imperial Motors, Inc. are taking an interlocutory appeal to the Appellate Court of Illinois, First District." There then follows the customary provision that if they shall prosecute the appeal and pay all costs incurred, the obligation is void.

■ Appealing defendants contend that both the order for sequestration and the temporary injunction are within the scope of the appeal. Appeals from interlocutory orders are provided for in section 78 of the Civil Practice Act (Ill. Rev. Stat., ch. 110, § 78 (1959)) wherein it is provided that an appeal is perfected "by the filing of a bond in the trial court, approved by the clerk or the judge thereof, to secure costs in the Appellate Court. No notice of appeal need be filed in perfecting an appeal under this section." By this provision the notice of appeal, which in the ordinary appeal sets forth the order appealed from, is eliminated and the filing of a bond takes its place. The juxtaposition of these two provisions—one for the filing of a bond, and the other for elimination of the notice of appeal, warrants the conclusion that it was intended that the bond give the information which the notice of appeal would have given as to the orders appealed from. Apart from this, the nature of the bond itself requires that the orders appealed from be specified so that the obligation of the surety be fixed. It is in that light that we must construe the recital in the bond.

■ ■ In the bond, the order of sequestration is formally referred to and the date of its entry stated. Then, as if by casual recital of background, the bond refers to "certain orders for temporary injunction and

64

support. . . ." After that, the order appealed from is referred to in the singular. Appealing defendants say this was a mistake. The fact is, however, that the alimony order, which is clearly not within the scope of an interlocutory appeal, is referred to in the same manner as the order for temporary injunction. In the case of Most Worshipful St. Mark Grand Lodge v. Stillerman, 21 Ill.App.2d 310, 157 N.E.2d 788 (1959) (abstract opinion) this court held that the bond fixes the scope of the appeal. We have examined the opinion in the case of Ditis v. Ahlvin Const. Co., Inc., 331 Ill. App. 182, 72 N.E.2d 704 (abstract opinion) cited to the contrary by appealing defendants. The question there was whether one or two orders were within the scope of the appeal. The court stated that as a practical matter this was immaterial, and then went on to say that in the absence of a notice of appeal, the scope of the defendant's appeal appeared in its brief. Such method of defining the scope of appeal would leave it to the appealing parties to determine what orders were included in the appeal. This could lead to unfairness and confusion. We are of the opinion that the holding in Most Worshipful St. Mark Grand Lodge v. Stillerman, supra, is the correct interpretation of the statute.

█ We prefer however not to rest our decision upon that point alone, and have considered the argument made by appealing defendants that the injunction was improperly issued. The statute provides that the court shall not grant an injunction without notice (Ill. Rev. Stat., ch. 69, § 3, 1959), "unless it appears, from the complaint or affidavit accompanying the same, that the rights of the plaintiff will be unduly prejudiced if the injunction is not issued immediately or without notice." We have on occasion condemned the issuance of such injunctions without proper compliance with the statute, but we have also sustained

65

them where it appeared there was a compliance. The main contention of appealing defendants in the instant case is that plaintiff's averments are based on fear—fear that if an injunction is not issued without notice, defendant Victor will attempt to dispose of certain assets and personal property; fear that unless an injunction is issued against appealing defendants from paying defendant Victor any moneys or selling any stock in the corporations held in his name, she will be irreparably damaged and harmed. In connection with the allegation of these fears, we must also take into account that the complaint alleges that defendant Victor wilfully deserted plaintiff; that he is now secreting their two minor children; that plaintiff has no knowledge of where he resides; that he is president of Imperial Motors and vice-president of the Victor Company and thus in a position of authority in these companies. It appears to us that there was justification on the basis of these allegations for plaintiff's fear that defendant Victor could cause the immediate transfer to himself of moneys or property belonging to him in the hands of appealing defendants, if notice had been given to them. Plaintiff also alleges that she is without sufficient funds to post a bond. The allegations in the complaint give substance to what plaintiff alleges to be her fears, and in that respect the instant case is distinguishable from Skarpinski v. Veterans of Foreign Wars, Inc., 343 Ill. App. 271, 98 N.E.2d 858, and the cases on which appealing defendants rely.

Appealing defendants cite Binder v. Binder, 344 Ill. App. 554, 101 N.E.2d 633 (abst. opinion, 1st Dist.) and Buckwalter v. Buckwalter, 340 Ill. App. 219, 91 N.E.2d 127 (abst. opinion, 1st Dist.). We have examined the opinions in both these cases. In the Binder case the property involved was furniture, furnishings and household and personal belongings and effects. In the

Buckwalter case the complaint had little more in it than the statement that the defendant had absented himself from the plaintiff without her fault. There was no allegation that the plaintiff's interest would be prejudiced nor any facts from which such prejudice could be inferred, and the order in controversy did not contain a finding of any cause shown. It is our conclusion that the verified complaint in the instant case was adequate to sustain the issuance of a temporary injunction without notice and without bond.

We must now consider whether the provision which the statute makes for interlocutory appeals applies to orders of sequestration (Ill. Rev. Stat., ch. 110, § 78 (1959)). This statute provides for interlocutory appeals from orders or decrees "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction, or appointing or refusing to appoint a receiver, or giving or refusing to give other or further powers or property to a receiver already appointed. . . ." No provision is made for an appeal from an order of sequestration.

■ Appealing defendants urge upon us that we should consider an order of sequestration the equivalent of an order appointing a receiver. Sequestration in this state is the subject of an entirely different statute. Ill. Rev. Stat., ch. 22, § 42 (1959). That section is entitled "Enforcement of decree," and provides that: "When any complaint is taken for confessed, or upon hearing, the court may make such decree thereon as may be just, and may enforce such decree, either by sequestration of real and personal estate. . . ." In Illinois, therefore, an order of sequestration is for the enforcement of a decree. In the instant case it was for the enforcement of the alimony order. Puterbaugh recognizes this and defines it as follows:

"The office of the writ of sequestration in chancery practice is to furnish a remedy by which

67

property may be taken possession of by the court in order to enforce obedience to its decree, and while the writ is now seldom used it is not prohibited nor obsolete but is recognized by statute in Illinois, and may be resorted to whenever necessary." (Puterbaugh, Chancery Pleading and Practice, Vol. 1, ch. 5, § 97, p. 157.)

In fact, appealing defendants recognize that an order of this kind is essential to an order of sequestration, but have argued that the order for temporary support is invalid and therefore does not afford a proper basis for the order of sequestration. On the other hand, a receivership although sometimes used to carry out the terms of an order or decree is most often used for the purpose of preserving property pendente lite. In any event, when the legislature adopted the act relating to interlocutory appeals, it included injunctions and receiverships, but did not include orders of sequestration. We must assume that it was acting knowledgeably. We hold that there is no provision for an interlocutory appeal from an order of sequestration.

As this disposes of the two orders involved in this appeal, we will not consider the other points raised by the parties.

It is our conclusion that the appeal from the order of sequestration should be dismissed and that the order granting the temporary injunction should be affirmed.

Appeal from order of sequestration dismissed. Order granting temporary injunction affirmed.

McCORMICK and DEMPSEY, JJ., concur.